UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AARON J. MULLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-01304-JPH-MKK |
| | ) | |
| ALAN MULLINS, | ) | |
| ALEX HILL, | ) | |
| KELLY HOLLEY, | ) | |
| OSCAR OLMEDA, | ) | |
| ANGELA OWENS, | ) | |
| CHRISTIAN WALKER, | ) | |
| ANDREW PLANK, | ) | |
| LINDSEY HOLDEN-KAY, | ) | |
| KIMBERLY SEXTON-YEAGER, | ) | |
| SCOTT ANDREWS, | ) | |
| SARA LASKA, | ) | |
| JORDAN LORENZO, | ) | |
| MATTHEW TAYLOR, | ) | |
| BETHANI KINCAID, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**I.
Motion to proceed *in forma pauperis***

Plaintiff Aaron Mullins's motion to proceed *in forma pauperis* is **GRANTED**. Dkt. [2]; *see* 28 U.S.C. § 1915(a). While *in forma pauperis* status allows Mr. Mullins to proceed without prepaying the filing fee, he remains liable for the full fees. *Rosas v. Roman Catholic Archdiocese of Chi.*, 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees."). No payment is due at this time.

1

## II.
## Motion for assistance with recruiting counsel

"Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel." *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, a litigant who is unable to afford counsel "may ask the court to recruit a volunteer attorney to provide pro bono representation." *Id.* (citing 28 U.S.C. § 1915(e)(1)). "Two questions guide a court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Id.* (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)). The first inquiry—whether an indigent litigant reasonably attempted to get a lawyer—"is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021).

For the first question, Mr. Mullins states that he has contacted "approximately three dozen attorneys," but none were interested in taking his case. Dkt. 3 at 2. Mr. Mullins has thus made a reasonable effort to obtain counsel, and he should continue that effort. *Cf. Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (affirming district court's requirement that litigant contact at least three attorneys to show reasonable effort).

For the second question, the Court considers whether the case's complexity "exceeds [the plaintiff's] capacity as a layperson to coherently

present it to the judge or jury himself." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (quoting *Pruitt*, 503 F.3d at 655). Mr. Mullins alleges that police and prosecutors conspired with his uncle to maliciously prosecute him and violate his constitutional rights in the course of that prosecution. Dkt. 1 at 10–11. He should be well situated to present the facts surrounding his claims.

Mr. Mullins stated on the form motion that he does not have difficulty reading or writing English, and he has completed some college. Dkt. 3 at 2. Further, his complaint and filings are detailed and coherent. Dkt. 1. Mr. Mullins states that he has PTSD and agoraphobia that may affect his ability to litigate this case, dkt. 3 at 3, but he may ask the Court for extensions of time if those conditions interfere with his ability to litigate.

Therefore, Mr. Mullins has not demonstrated that the case exceeds his capacity to present it at this time. As a result, his motion for assistance in recruiting counsel is **DENIED without prejudice**. Dkt. [3].

### III. Screening the complaint

#### A. Screening standard

The Court has the inherent authority to screen Mr. Mullins's complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted. *See id.* In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of

3

Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### B. The complaint

Mr. Mullins brings this suit against fourteen defendants. Dkt. 1 at 8–10. The first is Alan Mullins, his uncle. *Id.* at 8. The next six defendants are police officers with the Columbus Police Department: Alex Hill, Kelly Holley, Oscar Olmeda, Angela Owens, Christian Walker, and Andrew Plank. *Id.* at 8–9. The remaining seven defendants are state prosecutors: Lindsey Holden-Kay, Kimberly Sexton-Yeager, Scott Andrews, Sara Laska, Jordan Lorenzo, Mathew Taylor, and Bethani Kincaid. *Id.* at 9–10.

Mr. Mullins alleges that his uncle initiated a confrontation in Mr. Mullins's apartment, then his uncle filed a false police report that resulted in Mr. Mullins's arrest. *Id.* at 10. Mr. Mullins alleges that his uncle "has personal relationships with many individuals in the political sphere" in Columbus, Indiana, and his uncle used those connections with the Columbus Police Department to force Mr. Mullins to abandon his home. *Id.*

Mr. Mullins alleges that the Columbus Police Department entered his home under false pretenses and "engaged in an unwarranted arrest supported by only hearsay, no objective facts." *Id.* He alleges that he invoked his Fifth Amendment right to remain silent and consult a lawyer, but the arresting officer retaliated against him by arresting him anyways for "being difficult." *Id.* He also alleges that Detective Owens secured a search warrant "without an oath or affirmation having been made under penalty of perjury." *Id.* He alleges that the Columbus Police Department conspired with his uncle to have him arrested. *Id.* at 10–11.

Mr. Mullins further alleges that Ms. Holden-Kay, the State's Prosecutor, delayed deposing Mr. Mullins's grandparents, who were present when Mr. Mullins was arrested but were not questioned by police. *Id.* at 11. In July 2024, the criminal case against Mr. Mullins was dismissed. *Id.* Ms. Holden-Kay then "requested to have the record sealed" without Mr. Mullins's knowledge, which Mr. Mullins alleges was done "in an attempt to hide the record from public scrutiny." *Id.*

Mr. Mullins sues under 42 U.S.C. §§ 1983 and 1985 for violations of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights. *Id.* at 7. He seeks monetary damages. *Id.* at 12. He also requests that the Court enjoin a separate, ongoing state-court criminal proceeding until this case concludes. *Id.* at 11.

### C. Discussion of claims

Mr. Mullins's request for injunctive relief cannot proceed because the relief requested would interfere with an ongoing state criminal prosecution. *See Sprint Comms., Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (noting that the *Younger* abstention doctrine "preclude[s] federal intrusion into ongoing state criminal prosecutions").

Next, Mr. Mullins's claim against his uncle is **dismissed**. None of Mr. Mullins's allegations suggest that his uncle is a state actor, and a claim under § 1983 requires state action. *See, e.g., Alarm Detection Sys., Inc. v. Village of Schaumburg*, 930 F.3d 812, 825 (7th Cir. 2019). Mr. Mullins does allege, however, that his uncle conspired with the Columbus Police Department to have Mr. Mullins arrested. *See* dkt. 1 at 10–11. "To establish § 1983 liability through a conspiracy theory, a plaintiff must demonstrate that: (1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights, and (2) those individual(s) were willful participant[s] in joint activity with the State or its agents." *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (quoting *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998)). "[M]ere allegations of joint action or a conspiracy do not demonstrate that the defendants acted under color of state law and are not sufficient to survive a motion to dismiss." *Fries*, 146 F.3d at 458. Here, Mr. Mullins's allegations amount to conclusory statements that the Police Department conspired with his uncle to have Mr. Mullins arrested, and that his uncle has personal relationships with people involved in Columbus politics.

Dkt. 1 at 10–11.  That is not enough to plausibly plead a § 1983 conspiracy.  Nor is it enough to plead a § 1985 conspiracy, which requires Mr. Mullins to show, among other elements, "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Majeske v. Fraternal Ord. of Police, Loc. Lodge No. 7*, 94 F.3d 307, 311 (7th Cir. 1996) (quoting *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–68 (1993)).  For those reasons, Mr. Mullins's claim against his uncle cannot proceed under either § 1983 or § 1985.

Mr. Mullins's claims against the state prosecutor defendants—Ms. Holden-Kay, Ms. Sexton-Yeager, Mr. Andrews, Ms. Laska, Mr. Lorenzo, Mr. Taylor, and Ms. Kincaid—are also **dismissed**.  "[P]rosecutors [are] absolutely immune in civil suits for damages under section 1983 for activities intimately associated with the judicial phase of the criminal process." *Jones v. Cummings*, 998 F.3d 782, 786 (7th Cir. 2021) (quotation omitted); *see Srivastava v. Newman*, 12 F. App'x 369, 371 (7th Cir. 2001) (applying Indiana law).  That is, absolute immunity extends to "core prosecutorial functions," such as "filing and amending [of] criminal charges against a defendant." *Jones*, 998 F.3d at 788.  Here, Mr. Mullins's claim centers on the prosecutors' decision to charge him and their actions in the course of that prosecution, like sealing records related to his case.  Dkt. 1 at 11.  Therefore, his claim is directed at their "core prosecutorial functions" and must be dismissed.

Mr. Mullins's claims against Officers Hill, Holley, Olmeda, Walker, and Plank are also **dismissed** because Mr. Mullins has not alleged that they were

7

personally involved in the incidents in any manner. *Colbert v. City of Chicago,* 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation."); *Horshaw v. Casper,* 910 F.3d 1027, 1029 (7th Cir. 2018) ("Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly.").

However, liberally construing Mr. Mullins's complaint, he has plausibly alleged that Detective Owens violated the Fourth Amendment by securing a search warrant "without an oath or affirmation having been made under penalty of perjury." Dkt. 1 at 10. Accordingly, a Fourth Amendment claim under § 1983 against Detective Owens for monetary damages **shall proceed**. No other plausible claims or defendants have been identified in the complaint.

If Mr. Mullins believes that the Court has overlooked a claim or defendant, he shall have **through August 8, 2025**, to identify those omissions to the Court. The clerk is **directed** to terminate Alan Mullins, Alex Hill, Kelly Holley, Oscar Olmeda, Christian Walker, Andrew Plank, Lindsey Holden-Kay, Kimberly Sexton-Yeager, Scott Andrews, Sara Laska, Jordan Lorenzo, Mathew Taylor, and Bethani Kincaid as defendants in the case.

## IV.
## Directing Service of Process

The clerk is **directed** under Federal Rule of Civil Procedure 4(c)(3) to issue process to defendant Angela Owens in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. 1, applicable forms (Notice of

Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED.**

Date: 7/14/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

AARON J. MULLINS
180 Oakbrook Dr.
Columbus, IN 47201

Angela Owens
Columbus Police Department
123 Washington St.
Columbus, IN 47201